### JOHN K. JARVIS *vs.* JAMES MANLOVE.

In trespass assault and battery, words uttered by the plaintiff against the defendant, on a former occasion, are not admissible in mitigation.

Nor statements made by third parties to the defendant of such words.

The defendant's condition in life and occupation, may be put in evidence.

Conviction and fine for the public offence, is not evidence in the private suit.

THIS was an action of trespass, assault and battery. The defen-

dant had assaulted the plaintiff and beaten him with a cowhide whip, in a public office in Dover. The plea was not guilty, and on the trial evidence was offered of expressions made by the plaintiff derogatory of the defendant, several days before the assault. This was objected to, and *Lee* vs. *Woolsey*, 19 *Johns. Rep.*, 319, and *Avery* vs. *Ray*, 1 *Mass. Rep.*, 12, were cited.

*The Court* ruled out the evidence.

Evidence was also offered in mitigation of damages, of a conversion between John P. Manlove and James Manlove, in which the defendant was informed of certain reflections cast upon him by the plaintiff, on the morning of the day when the assault was made.

A majority of the court ruled out the evidence, the Chief Justice dissenting.

The defendant offered evidence of the defendant's condition in life and occupation, to mitigate the damages.

The plaintiff objected, and cited contra, *Vaughan* vs. *Warren*, Sussex, last term, where it was held contra.

A majority of the court admitted this proof. Judge Wootten dissenting. Judge Wootten understood the evidence as going beyond the proof merely of the defendant's pecuniary means, and as involving character, arising from position, which he thought inadmissible.

It was proved that the defendant was a farmer, a renter of land, and engaged in buying and selling cattle, &c. He had no capital. His debts amounted to $1,500.

The defendant offered in evidence the record of his conviction on an indictment for this assault and battery. It was objected to and ruled out. The defendant's counsel cited 2 *Greenl. Ev.*, 390.

He offered to prove that he had paid the fine of another person, who was also convicted as acting with him on the occasion; which was ruled out.

The case went to the jury, under a charge from Judge Wootten; and plaintiff had a verdict for $———

*Fisher* and *Saulsbury*, for plaintiff.

*Booth*, for defendant.